# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| RODDY PONSON, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-0149 |
| BELLSOUTH TELECOMMUNICATIONS, INC. | SECTION: "I" (4) |

## ORDER

Before the Court is a **Motion to Quash (R. Doc. 60),** filed by non-party, Chevron USA Inc. ("Chevron") seeking to quash a subpoena duces tecum issued by Plaintiff, Roddy Ponson, et al. (collectively, "the Plaintiffs") and Defendant, BellSouth Telecommunications, Inc. ("BellSouth"), seeking to depose Chevron or compel a Chevron representative's appearance at trial. After obtaining leave of the Court, Chevron filed an Amended Memorandum in Support of Motion to Quash (R. Doc. 74) seeking to quash two additional subpoenas served by the Plaintiffs. The Plaintiffs filed a response opposing the motion. (R. Doc. 71.) The motion was heard on the briefs.

**I.     Background**

This action results from a two car collision that occurred in Louisiana on or about November 18, 2008. (R. Doc. 1, ¶ III.) The Plaintiffs contend that Burt Daigle, who was in the course and scope of his employment with BellSouth, failed to yield at a stop sign, which caused the collision. (R. Doc. 1, ¶ V.) When the vehicles collided the Plaintiffs; Roddy Ponson, Clay Ponson, and Alisha

Matherne; were thrown from their vehicle. (R. Doc. 1, ¶ VI.) All three plaintiffs claim damages as a result of the accident. (R. Doc. IX.)

Ponson is an employee of non-party, Chevron, who was performing work for Chevron Nigeria in Escravos, Nigeria. (R. Doc. 60-1, p. 1.) The Plaintiffs and BellSouth have subpoenaed Chevron for records, depositions, and a trial appearance. Chevron seeks to quash the subpoenas. (R. Docs. 60 & 74.) The Plaintiffs oppose the motion. (R. Doc. 71.)

## II. **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Fed. R. Civ. P. 45(c)(1).

Furthermore, Rule 45(c)(3) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). Rule 45(c)(3)(B)(iii) states that "the issuing court may, on motion, quash or modify the subpoena if it requires . . . a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial."

## III.   Analysis

Chevron claims that it is domiciled in Philadelphia and has its principal place of business in California. (R. Doc. 60-1, p. 1.) Chevron further claims that its relevant documents or corporate representatives within its control are based in Houston, Texas and/or San Ramon, California, over 100 miles from the Eastern District of Louisiana. (R. Doc. 60-1, p. 1.) Chevron contends that it has made a good faith effort to comply with the subpoenas for documents, and as of April 1, 2010, had produced all records reasonably available to Chevron to both parties. (R. Doc. 60-1, p. 2.)

Chevron argues that its agent for service of process in Louisiana, Prentice-Hall Corporation System, Inc., does not have control of any documents responsive to the parties subpoenas and that therefore, the subpoenas are invalid. (R. Doc. 60-1 p. 3.) Chevron further argues that the subpoenas

3

should be quashed because Chevron is a non-party and the subpoenas would require a corporate representative to travel to Slidell or New Orleans, Louisiana, over 100 miles from Houston, Texas and/or San Ramon, California. (R. Doc. 60-1, p. 3.) Chevron also contends that it will have to incur substantial expense to travel to trial or deposition in Louisiana and that the depositions should also be quashed under Rule 45(c)(3)(B)(iii). (R. Doc. 60-1, p. 4.)

In its Amended Memorandum in support of its motion to quash, Chevron seeks to quash two additional subpoenas for depositions served on Chevron through its counsel, Chevron's agent for service of process, and Chevron's Covington, Louisiana address on April 7, 2010. (R. Doc. 74, pp. 1-2.) The subpoenas attempt to compel Chevron to attend depositions in Houston, Texas and San Ramon, California on April 9, 2010. (R. Doc. 74, p. 2.) Chevron claims that the subpoenas should be quashed because they violate Rule 45(a)(2)(B) in that they were not issued from the court for the district in where the deposition is to be taken. (R. Doc. 74, p. 2.) Chevron further argues that the subpoenas failed to allow it a reasonable time to comply because they were served only two days before the deposition was set. (R. Doc. 74, pp. 2-3.)

In response, the Plaintiffs contend that Chevron has information that is paramount to the claims of both parties. The Plaintiffs admit that the subpoenas would require Chevron's corporate representatives to travel over 100 miles, but asks that the Court modify the subpoenas to allow the depositions to proceed in either Houston, Texas or San Ramon, California. (R. Doc. 71, pp. 2-3.)

As none of the subpoenas issued by either party are in compliance with Rule 45, the Court grants Chevron's motion to quash the subpoenas. First, the Court notes that trial in this matter is set for April 26, 2010 (R. Doc. 37, p. 1) and that the deadline for discovery passed on November 4, 2009 (R. Doc. 14, p. 1). None of the subpoenas issued by either party seeking to depose Chevron

4

were issued before the November 4, 2009, deadline. The earliest subpoena was issued on February 25, 2010, nearly four months after the discovery deadline. The Plaintiffs offer no good cause explanation for their failure to comply with the presiding Judge's Scheduling Order as required by Rule 16(b)(4). Accordingly, the subpoenas seeking to depose Chevron are quashed for failure to offer a good cause explanation for modifying the Court's Scheduling Order under Rule 16.

Furthermore, the deposition and trial subpoenas seeking Chevron's appearance at depositions and trial in Slidell and/or New Orleans, Louisiana are quashed under Rule 45(c)(3)(A)(ii). As stated in Chevron's motion to quash, Chevron is a non-party and its corporate representatives and documents that are responsive to the subpoenas are located in either Houston, Texas and San Ramon, California. The subpoenas would require Chevron's representative to travel over 100 miles to attend the trial or depositions and are therefore quashed under Rule 45(c)(3)(A)(ii).

The Plaintiffs admit that the subpoenas, as issued, would require Chevron to travel over 100 miles to attend the trial or deposition, but ask that the Court use its power under Rule 45(c)(3)(A) to modify the deposition subpoenas and set the deposition in either Houston, Texas or San Ramon, California. However, as noted above, the Plaintiffs do not offer any good cause explanation for modifying the deadline for discovery which has long since passed. At this stage in the proceedings, trial is merely weeks away, and therefore the Court denies the Plaintiffs request to modify the subpoenas.

Finally, the subpoenas seeking to depose a Chevron representative in either Houston, Texas and/or San Ramon, California are quashed under Rule 45(a)(2)(B) and Rule 45(c)(3)(A)(i). First, the Plaintiffs failed to comply with Rule 45(a)(2)(B) when they issued the subpoenas from the Eastern District of Louisiana. As Rule 45(a)(2)(B) states, a subpoena for a deposition must issue

5

"from the court for the district where the deposition is to be taken." Therefore, the subpoenas for depositions in San Ramon, California should have been issued from the Northern District of California and the subpoenas for depositions in Houston, Texas should have been issued from the Southern District of Texas. Furthermore, as the subpoenas, which included requests for numerous documents, were issued only two days before the depositions were set, they did not allow sufficient time for Chevron to comply and are quashed under Rule 45(c)(3)(A)(i) for failing to allow a reasonable time to comply.

Therefore, Chevron's **Motion to Quash (R. Doc. 60)** is granted as to all subpoenas at issue in its Motion to Quash (R. Doc. 60) and Amended Memorandum in Support of Motion to Quash (R. Doc. 74).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Chevron USA Inc's **Motion to Quash (R. Doc. 60)** as amended by Chevron's **Amended Memorandum in Support of Motion to Quash (R. Doc. 74)** is hereby **GRANTED.**

New Orleans, Louisiana, this 16th day of April, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**